JOHN T. GORMAN
Federal Public Defender
District of Guam

KIM SAVO
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
DAVID EVAN DEN BOER



**FILED**
DISTRICT COURT OF GUAM
SEP 12 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID EVAN DEN BOER,<br><br>Defendant. | CR 05-00057<br><br>STIPULATION REGARDING CONTINUANCE OF TRIAL DATE AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT<br><br>Original Trial Date: September 20, 2005<br>Proposed Trial Date: October 25, 2005 |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff, United States of America, by and through its attorney of record, Special Assistant United States Attorney, Justin C. Oliver, and defendant David Evan Den Boer, by and through his attorney of record, Assistant Federal Public Defender, Kim Savo, as follows:

1.  Defendant first appeared before a judicial officer in the court in which this charge is pending on July 11, 2005. The Indictment in this case was filed on July 20, 2005. The

Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq., originally required that trial commence on or before October 3, 2005.

2. Mr. Den Boer was arraigned on July 22, 2005. The court set a trial date of September 20, 2005.

3. The parties estimate that the trial in this matter will last approximately two to three days.

4. By this stipulation the parties jointly move that the trial date be continued from September 20, 2005 to October 25, 2005.

5. The parties agree and stipulate, and request that the court find the following:

a) Concerns regarding Mr. Den Boer's mental health status have arisen. Defense counsel requires additional time in which to ascertain whether Mr. Den Boer is able to proceed.

b) Defense counsel will be off-island from September 17, 2005 through September 27, 2005.

c) Based on the above stated findings, the ends of justice are served by continuing the case as requested and outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

(1) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence:

(I) The time period of September 20, 2005 to October 25, 2005 is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(A) because it results from a continuance granted by the judge at the defendant's request without government objection on the basis of the judge's finding that the ends of justice served by taking such action outweigh the best interest of the public and the

2

defendant in a speedy trial.

7. The parties agree and stipulate and request that the Court find that nothing in this stipulation and order shall preclude a finding that other provisions fo the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

DATED: Mongmong, Guam, September 12, 2005.

_____
KIM SAVO
Attorney for Defendant
DAVID EVAN DEN BOER

DATED: Hagatna, Guam, 12 Sep 05.

_____
For JUSTIN C. OLIVER
Attorney for Plaintiff
United States of America

3